## Richmond

VIRGINIA ELECTRIC AND POWER COMPANY v. ROBERT S. COLEMAN, ET AL.

September 1, 1971.

Record No. 7564.

Present, Snead, C. J., I'Anson, Carrico, Gordon, Cochran and Harman, JJ.

*E. Milton Farley, III (George D. Gibson; Virginia H. Hackney; Hunton, Williams, Gay, Powell & Gibson,* on brief), for appellant.

*Vance M. Fry (Higginbotham & Fry,* on brief), for appellees.

CARRICO, J., delivered the opinion of the court.

Virginia Electric and Power Company filed a petition in the trial court in which it sought to condemn a right-of-way 30 feet in width across the property of Robert S. Coleman and Dorothy H. Coleman for construction of a pole line. In addition, VEPCO sought to acquire the right to remove trees outside the right-of-way "which in falling or being felled could come within ten feet of any conductor."

The landowners filed a motion that VEPCO be required to "specify the width" of the additional easement sought for removal of trees outside the right-of-way or else "strike the same from the Petition." The trial court, after a hearing, granted the landowners' motion and entered an order stating that VEPCO "be required to specify the width of the area in which [it] seeks to cut . . . present and future danger trees." VEPCO was given leave, "without prejudice," to amend its petition.

VEPCO then filed an amended petition in which it specified that the right to cut trees "outside the easement of right of way . . . shall be limited to two strips extending 30 feet on either side of the easement of right of way." Commissioners were appointed, and the case was submitted to them upon the question of compensation to be awarded for the rights as set forth in the amended petition. The commissioners returned their report awarding $1500 for "property to be taken" and $1950 for damages to "other property." VEPCO's exceptions to the report were overruled, and the award was confirmed. VEPCO was granted a writ of error.

The procedural requirements of a petition for condemnation in this type case are set forth in Code § 25-46.7. That Code section provides, in pertinent part, as follows:

". . . The petition for condemnation shall contain:

\* \* \* \* \*

"(b) Short and plain statements of the following:

\* \* \* \* \*

"4. A description of the work or improvements to be made; and where only a portion of the property is to be taken . . . a plat, drawing or plan, in sufficient detail . . . to enable the owner of such property to be reasonably informed of the nature, extent and effect of such taking and the construction and operation of such works and improvements, shall be attached as an exhibit to the petition;

\* \* \* \* \*

"6. A description of the property to be taken sufficient for its identification and a plan or plat of the land to be taken shall be attached as an exhibit to the petition. . . ."

The landowners do not contest VEPCO's right to acquire an additional easement for removal of "danger trees" nor do they claim that VEPCO acted arbitrarily or capriciously in deciding to condemn such an interest in their land. What the landowners do contend is that the foregoing statutory provisions required VEPCO to "specify by boundary description . . . the area of the additional easement" and to show such area on a plat attached to the petition. We do not agree.

VEPCO, by the allegations of its original petition respecting "danger trees", was not seeking to take an "area" of land or an "area" of easement readily susceptible to description with relation to fixed boundaries or to being shown upon a plat. All VEPCO sought to

acquire was a *right* which, while an interest in land and itself an easement, was merely incidental to the basic easement of right-of-way being condemned for a pole line. The right thus sought is termed a "secondary easement," similar in nature to the interest recognized by this court in *Virginia Electric, Etc., Co.* v. *Webb*, 196 Va. 555, 84 S.E.2d 735 (1954), as being the proper subject of acquisition in eminent domain proceedings.

In *Webb*, the condemnees contested the right of the power company to acquire unlocated easements of ingress and egress incidental to rights-of-way being taken for a transmission line. The condemnees contended that the company "should specify the area needed" and locate on the land the easements "to be acquired." The trial court upheld the condemnees' contentions. We reversed and ordered a new trial, holding that the power company had the right to acquire the unlocated secondary easements.

The *Webb* case controls our decision here. Since it is proper to permit condemnation of an unlocated secondary easement of ingress and egress, there is no legal reason to deny acquisition of the easement sought in this case for removal of "danger trees." What constituted a "danger tree" was defined with reasonable accuracy in VEPCO's original petition. That definition limited the right of removal to those trees located along VEPCO's pole line. The route of the line across the landowners' property was fixed by survey, was described in the petition by metes and bounds, and was shown on a plat attached as an exhibit to the petition. This was sufficient to satisfy the procedural requirements of pleading set forth in Code § 25-46.7, *supra*.

What has been said requires a retrial upon the question of compensation to be awarded for the rights as set forth in VEPCO's original petition. We cannot say, as the landowners would have us say, that the award of the commissioners was unaffected by the trial court's ruling requiring VEPCO to amend its petition. As a result of that ruling, the landowners introduced evidence which may have led the commissioners to believe that the pole line right-of-way being taken by VEPCO was 90 feet in width, rather than its actual width of 30 feet. This prejudiced VEPCO before the commissioners.

Accordingly, we reverse the judgment of the trial court, set aside the order requiring VEPCO to "specify the width" of its tree removal easement, and remand the case for a new trial.

*Reversed and remanded.*